No. 25-1228

IN THE
# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

JANSSEN PHARMACEUTICALS, INC, and
JANSSEN PHARMACEUTICA N.V.,

*Plaintiffs-Appellees*,

v.

TEVA PHARMACEUTICALS USA, INC.,

*Defendants-Appellant*.

APPEAL FROM THE U.S. DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
IN NO. 2:18-CV-00734, U.S. DISTRICT JUDGE CLAIRE C. CECCHI

## REPLY IN SUPPORT OF APPELLEES' CROSS-MOTION FOR AN EXTENSION OF TIME

Barbara L. Mullin
Aron R. Fischer
Andrew D. Cohen
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
bmullin@pbwt.com

*Attorneys for Plaintiffs-Appellees
Janssen Pharmaceuticals, Inc. and Janssen
Pharmaceutica N.V.*

# CERTIFICATE OF INTEREST

Counsel for appellees Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica NV certifies the following:

1.  **Represented Entities (Fed. Cir. R. 47.4(a)(1)):**
    Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica NV

2.  **Real Party in Interest (Fed. Cir. R. 47.4(a)(2)):**
    N/A

3.  **Parents Corporations and Stockholders (Fed. Cir. R. 47.4(a)(3):**
    Johnson & Johnson

4.  **Legal Representatives (Fed. Cir. R. 47.4(a)(4)):**

    **Robinson Miller LLC**: Keith J. Miller, Michael James Gesualdo

    **Patterson Belknap Webb & Tyler LLP**: Zhiqiang Liu, Jay Cho, Joyce Nadipuram, Collin Hong, Meghan R. Larywon, A. Rob Quirk, Margaret O'Neil, Jeffrey Hughes, Anna Boltyanskiy, Gregory L. Diskant, Lachlan Campbell-Verduyn

    **Akin Gump Strauss Hauer & Feld LLP**: Angela Verrecchio, Matthew Alan Pearson

5.  **Related Cases (Fed. Cir. R. 47.5(a)).** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)? **Yes.** A separate Notice of Related Case Information has been filed under Rule 47.5(b).

6.  **Organizational Victims and Bankruptcy Cases (Fed. R. App. P. 26.1(b)-(c)):** N/A

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| CERTIFICATE OF INTEREST | i |
| TABLE OF CONTENTS | ii |
| INTRODUCTION | 1 |
| I. JANSSEN HAS ESTABLISHED GOOD CAUSE FOR AN EXTENSION OF MORE THAN SEVEN DAYS | 1 |
| II. TEVA FAILS TO SHOW GOOD CAUSE TO LIMIT JANSSEN TO A SEVEN-DAY EXTENSION | 4 |
| III. THE COURT SHOULD ACCEPT TEVA'S SUGGESTION TO DENY TEVA'S MOTION | 7 |
| CONCLUSION | |

**INTRODUCTION**

Retreating from its initial position, Teva now acknowledges that it would be appropriate to extend Janssen's briefing schedule if Teva files its opening brief on December 20.  In an even more critical change in position, Teva also asserts that if the Court is inclined to grant Janssen an extension of more than seven days, it should not grant Janssen's cross-motion, but should instead simply "deny Teva's requested briefing schedule," since in that event Teva would prefer to file its opening brief after December 20.  ECF#15 at 9 n.4; *accord id*. at 3 n.1.  Considering Teva's wavering position on self-expediting its own briefing, the only reasonable disposition of the parties' motions is to deny Teva's requested briefing schedule and address a renewed extension request from Janssen after Teva files its opening brief.  This is what Teva now suggests.  The Court should not impose a "severely truncate[d]" briefing schedule that Teva only conditionally requests and would seemingly be relieved to avoid.  *Id.* at 3 n.1.

**I.  JANSSEN HAS ESTABLISHED GOOD CAUSE FOR AN EXTENSION OF MORE THAN SEVEN DAYS**

Teva cannot seriously dispute that Janssen has established legitimate reasons for an extension of more than seven days if Teva files its opening brief on December 20, the last business day before the week of Christmas and Hanukkah.  The holidays themselves, and counsel's pre-planned vacations and family

1

engagements, span more than seven days. *See* ECF# 13-2 ¶ 2. That alone is grounds to extend Janssen's responsive deadline beyond February 5. *See United Therapeutics Corp. v. Liquidia Tech., Inc.*, No. 22-2217, ECF#27 (granting 14-day extension for the shorter Thanksgiving holidays in Hatch-Waxman case, after appellant had moved to expedite and self-expedited its opening brief).

Furthermore, Teva cannot deny that the 30 depositions Janssen's counsel has scheduled for January and February 2025 will substantially impact their ability to prepare a responsive brief. Teva contends that Janssen should have anticipated the conflict (ECF#15 at 1, 6) but that was impossible. The Scheduling Order setting November 13, 2024 as the deadline for substantial completion of document production and February 13, 2025 as the close of fact discovery was entered on October 11, 2023, well before this Court decided the prior appeal. *See JanssenPharms., Inc. et al. v. Alkem Lab'ys Ltd. at al,* D.N.J. No. 1:23-cv-2939-KMW-SAK (consolidated) ECF#55. At that time, there was no way to know there would be a remand that would lead to a subsequent appeal, much less that such an appeal would coincide with the compressed deposition period in early 2025.

Contrary to Teva's argument, it is not inconsistent for Janssen to request an extension in this appeal on the grounds that it needs to move expeditiously in a pending Hatch-Waxman case. ECF#15 at 2, 7. The Hatch-Waxman statute expressly requires parties to "reasonably cooperate in expediting

2

the action" during the 30-month stay period in which generics are statutorily prevented from obtaining FDA approval. 35 U.S.C. § 355(c)(3)(C);[1] *see* ECF#13-2 ¶4 (30-month stay is in effect in *Alkem*). In contrast, after a final judgment has been reached, the generic manufacturer is no longer being barred from the market without a determination on the merits, and, accordingly, there is no statutory requirement that Hatch-Waxman appeals be expedited. Far from reflecting "inconsistency and hypocrisy" (ECF#15 at 4), treating the two dissimilar situations differently is expressly called for by the Hatch-Waxman Act.[2] Janssen's work conflicts, coupled with the winter holidays, constitute good cause for a 45-day extension of Janssen's time to file a responsive brief.

---

[1] Notably, this requirement is not solely or even primarily for the benefit of innovators such as Janssen.

[2] Teva's suggestion that Janssen would be seeking expedited relief if it had lost at the district court (ECF#15 at 7) also rests on false equivalences. For example, it ignores the fact that an at-risk generic launch would disturb the status quo and cause enormous disruption if rolled back after appeal, whereas maintaining the status quo pending appeal is considerably less disruptive. When Teva is defending its own innovative pharmaceutical products, it is aware of this distinction. *See* https://www.tevapharm.com/news-and-media/latest-news/teva-comments-on-anticipated-at-risk-u.s.-launch-of-generic-glatiramer-acetate-40mgml-and-launch-of-gene/ (warning that "any launch by Mylan of a generic version of COPAXONE® . . . prior to final resolution of the pending patent appeals and other patent litigation should be considered an 'at-risk' launch, which could subject Mylan to significant damages among other remedies").

## II. TEVA FAILS TO SHOW GOOD CAUSE TO LIMIT JANSSEN TO A SEVEN-DAY EXTENSION

Teva identifies "two basic issues" that purportedly make this case more than a "routine" Hatch-Waxman case and warrant denying Janssen's request for adequate time to prepare its brief: (1) the public interest in generic entry and (2) harm to Teva from not being able to launch. ECF#15 at 1. Neither issue makes this more than a standard Hatch-Waxman appeal or supports Teva's conditional request for a "severely truncat[ed]" briefing schedule. ECF#15 at 3 n.1.

Teva's appeal to the public interest in generic competition not only fails to distinguish this case from other Hatch-Waxman appeals, but also ignores the facts presented in Janssen's opposition and cross-motion. The fact that Janssen's innovative dosing regimen is protected by a patent does not mean there is a lack of competition. As Janssen previously pointed out, the FDA recently approved Erzofri, another long-acting injectable paliperidone palmitate product that employs a different dosing regimen. ECF#13-1 at 5. It is simply not true, moreover, that Janssen "[p]oint[s] only to co-pays [and] ignores the uninsured" in observing that the overwhelming majority of patients have access to Invega Sustenna® at little or no cost. ECF#15 at 5. Janssen showed that virtually all patients who take Invega Sustenna do have access to insurance or other third-party

4

payers. ECF#13-3 ¶2. There is no reason to believe that replacing Invega Sustenna with a generic would benefit patients.

Teva's alleged "harms" are no different from those other generic manufacturers face after losing Hatch-Waxman trials—or from those Teva faced during the prior appeal, when it agreed to over 200 days of extensions. As Janssen pointed out in its prior submission, Teva's own declaration shows that the generic product Teva manufactured prior to the district court's decision is almost certain to become unsalable even if briefing proceeds on Teva's proposed schedule. ECF#13-1 at 15-16. Teva conspicuously fails to respond to this analysis in its opposition, effectively conceding the point. The shelf life of Teva's existing generic product is irrelevant to this motion.

Teva asserts that "Teva was not prepared to enter the market" at the time of the prior appeal and that it "began preparing for generic competition in earnest" after "this Court's prior decision vacating in full the district court's decision."[3] ECF#15 at 3-4. To be clear, however, the FDA approved Teva's generic product in July 2021, before the district court's first decision.[4] Nothing

---

[3] Teva's statement that the district court decision was "vacat[ed] in full" is not correct. The decision was affirmed in part and vacated and remanded in part.

[4] *See* https://www.fda.gov/drugs/drug-and-biologic-approval-and-ind-activity-reports/2021-first-generic-drug-approvals.

5

prevented Teva from preparing to launch while the first appeal was pending, or from moving more quickly in that appeal. To the extent "[c]ircumstances have changed," ECF#15 at 4, the changes have been to Teva's business strategy, not to its ability to launch if it were to prevail on appeal. That does not justify denying Janssen a reasonable extension of its time to submit a responsive brief.

Ultimately, Teva's opposition boils down to the assumption that Teva is wrongly enjoined because this Court's prior decision somehow required the district court to conclude that the 906 Patent claims are obvious. That assumption is incorrect and provides no basis to deny Janssen's motion to extend briefing. In the first appeal, Teva asked this Court to reverse and direct entry of judgment that the patent claims are all obvious, but this Court declined to do so. Fed. Cir. No. 22-1258, ECF#28 at 17, 45, 53, 58. Instead, the obviousness issue was remanded and the district court was instructed to reconsider the record evidence within a framework provided in this Court's opinion. The district court has now done so and has, again, concluded that Teva failed to prove that any claim of the 906 Patent is obvious. This was well within the scope of this Court's instructions, consistent with the case law,[5] and entirely correct. Although Teva may disagree with the

---

[5] For example, in *PAR Pharm., Inc. v. TWi Pharms., Inc.*, 773 F.3d 1186, 1193-94 (Fed. Cir. 2014), this court remanded to the district court, the district court reaffirmed its nonobviousness determination on remand, and that was affirmed on

district court's remand decision, it cannot legitimately argue that the decision presents unusual circumstances that would warrant denying Janssen a reasonable extension to account for counsel's preexisting obligations.

Indeed, in *Janssen v. Tolmar*, Judge Bryson, sitting by designation in the District of Delaware, issued an order upholding the nonobviousness of the 906 Patent claims and entered an injunction preventing Tolmar from launching its generic product. Like the district court did here, Judge Bryson expressly considered this Court's opinion after the first appeal and confirmed that it did not change his conclusion on validity. *See Janssen Pharms., Inc. v. Tolmar, Inc.*, No. 21-1784-WCB, 2024 WL 2972832 (D. Del. June 13, 2024). The premise of Teva's opposition—that Teva is wrongly enjoined because this Court's prior decision somehow required the district court to conclude that the 906 Patent claims are obvious—lacks merit.

## III. THE COURT SHOULD ACCEPT TEVA'S SUGGESTION TO DENY TEVA'S MOTION

For the above reasons, Janssen has established good cause for a 45-day extension to March 17, 2025 if Teva files its opening brief on December 20.

---

appeal, *see Par Pharm., Inc. v. TWi Pharms., Inc.*, 120 F. Supp. 3d 468, 470 (D. Md.), *aff'd*, 624 F. App'x 756 (Fed. Cir. 2015). *See also Impax Lab'ys, Inc. v. Aventis Pharms. Inc.*, 496 F. Supp. 2d 428 (D. Del. 2007), *aff'd*, 545 F.3d 1312 (Fed. Cir. 2008).

But Teva now urges that if the Court is inclined to grant Janssen's motion "other than to extend Janssen's brief to February 5," ECF#15 at 9 n.4; *accord id*. at 3 n.1, it should instead simply deny Teva's motion, because in that event Teva would want to file its brief after December 20.  The Court should accept Teva's suggestion.  Because Janssen has clearly established good cause for an extension beyond February 5, the Court should deny Teva's motion to expedite and permit Teva to file its opening brief in the normal course.  As Teva notes, after Teva files its brief, the "Court can address any extension request from Janssen should it then arise." *Id.* at 3n.1.

## CONCLUSION

Because Janssen's cross-motion for a 45-day extension of its time to file a responsive brief, to March 17, 2025, should be granted, Teva's motion to expedite this appeal should be denied and Janssen should be permitted to renew its motion for an extension after Teva files its opening brief.

Respectfully submitted,

*/s/ Barbara L. Mullin*
Barbara L. Mullin
Aron R. Fischer
Andrew D. Cohen
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
bmullin@pbwt.com

*Attorneys for Plaintiffs-Appellees
Janssen Pharmaceuticals, Inc. and Janssen
Pharmaceutica N.V.*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Fed. Cir. R. 32(a). This brief contains 1809 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). This brief has been prepared in a proportionally spaced typeface using MS Word in a 14 point Times New Roman font.

Dated: December 16, 2024

*/s/ Barbara L. Mullin*
Barbara L. Mullin